NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| VITA GROUP LLC d/b/a PIZZA VITA,<br><br>　　　　　　　　Plaintiff,<br><br>　　v.<br><br>COMPASS GROUP USA, INC. d/b/a FOODWORKS,<br><br>　　　　　　　　Defendant. | Civil Action No.: 21-16291<br><br><br>OPINION |

**CECCHI, District Judge.**

**I.　INTRODUCTION**

This matter comes before the Court by way of plaintiff Vita Group LLC d/b/a Pizza Vita's ("Plaintiff" or "Pizza Vita") motion to dismiss the counterclaims asserted by defendant Compass Group USA, Inc. d/b/a FoodWorks ("Defendant" or "FoodWorks") pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. ECF No. 6.  FoodWorks filed an opposition (ECF No. 12), to which Pizza Vita replied (ECF No. 13).  This matter is decided without oral argument pursuant to Fed. R. Civ. P. 78(b).  For the reasons set forth below, Pizza Vita's motion to dismiss is granted in part and denied in part.

**II.　BACKGROUND**

　　**a.　Factual Background[1]**

---

[1] The following facts are accepted as true for purposes of the pending motion.

1

This dispute arises out of FoodWorks's allegations that the COVID-19 pandemic qualified as a *force majeure* event under the parties' agreement, and thus relieved FoodWorks of its contractual obligation to reimburse Pizza Vita for its operating costs. FoodWorks now seeks to disgorge the payments it made to Pizza Vita between March 16, 2020, and May 18, 2021.

FoodWorks is a company that, among other things, manages food service offerings at office buildings. Pizza Vita operates a pizzeria with several locations in New Jersey. In or around December 2019, FoodWorks and Pizza Vita entered into a contract (the "Agreement") whereby Pizza Vita agreed to provide "onsite restaurant services" ("services") at the Novartis/CBRE Facility at 1 Health Plaza, East Hanover, New Jersey 07936 (the "Site"). *See* ECF No. 3 at 9 ¶ 4; *see also* ECF No. 3-1.[2] The Agreement had a three-year term beginning on the effective date of January 1, 2020. ECF No. 3 at 9 ¶ 5. Under the Agreement, Pizza Vita agreed to operate on a "profit and loss basis," and retain any profits it made from its services at the Site. *Id.* at 9–10 ¶ 6. Further, the Agreement obligated FoodWorks to "reimburse [Pizza Vita] for the amount by which [Pizza Vita's] Operating Costs exceed Net Sales, with fifteen (15) day payment terms via check or ACH." *Id.* Either party could terminate the Agreement "upon ninety (90) days' written notice to the other party." *Id.* at 10 ¶ 7. The Agreement also contained a *force majeure* clause that reads:

> **Catastrophe.** Neither party will be liable for failure to perform its respective obligations hereunder when such failure is caused by fire, explosion, water, act of God, civil disorder or disturbance, strikes, vandalism, war, sabotage, weather and energy related closings, governmental rules or regulations, failure of the parties to perform their obligations with respect to the Client Agreement, or like causes beyond the reasonable control of such party, or for real or personal property destroyed or damaged due to such cause.

ECF No. 3-1 at 3–4 ¶ 8(b).

---

[2] Because FoodWorks attached a copy of the Agreement to its Answer, the Court may consider it in evaluating the motion to dismiss. *RJ Brands, LLC v. Bloomberg, L.P.*, No. 21-1908, 2022 WL 683082, at *2 (D.N.J. Mar. 8, 2022) (noting that a "court may . . . rely on exhibits attached to the answer" in evaluating a motion to dismiss a counterclaim).

FoodWorks alleges that Pizza Vita began providing services at the Site on January 2, 2020. ECF No. 3 at 2 ¶ 6.  In March 2020, in response to the spread of the COVID-19 pandemic, New Jersey Governor Philip D. Murphy issued a series of executive orders, including one on March 16, 2020, which restricted food-related businesses to delivery and take-out services only. *Id.* at 10–11 ¶¶ 9–11.  FoodWorks alleges that as a result of the COVID-19 pandemic and subsequent executive orders, Pizza Vita's services were "suspended" at the Site beginning on March 16, 2020. *Id.* at 11 ¶ 12.  FoodWorks also alleges that on an unspecified date in March 2020, the parties agreed that Pizza Vita would stop providing services at the Site due to the COVID-19 pandemic and an anticipated decrease in customers. *Id.* at 2 ¶ 7.  Later, on February 16, 2021, FoodWorks terminated the Agreement, which, pursuant to the 90-day notice provision, became effective on May 18, 2021. *Id.* at 2 ¶¶ 8–9, 10 ¶ 7.

FoodWorks alleges that despite the suspension of Pizza Vita's services on March 16, 2020, Pizza Vita continued to seek reimbursement from FoodWorks for its operating costs, and FoodWorks continued to pay Pizza Vita in accordance with these requests. *Id.* at 11 ¶ 18. Specifically, FoodWorks alleges that after March 16, 2020, but before the Agreement was formally terminated on May 18, 2021, FoodWorks reimbursed Pizza Vita in the amount of $75,181. *Id.* at 11 ¶ 19.  FoodWorks now seeks to disgorge the funds it remitted to Pizza Vita during this period, claiming that the *force majeure* clause of the Agreement suspended its obligation to reimburse Pizza Vita's operating costs. *Id.* at 12 ¶¶ 22–29.

### b. Procedural Background

Pizza Vita commenced this action on July 26, 2021, in the Superior Court of New Jersey, Law Division, Union County. *See Vita Group LLC d/b/a Pizza Vita v. Compass Group USA, Inc. d/b/a FoodWorks*, No. Union-L-2588-21 (N.J. Super. Ct. Law Div.).  In its complaint, Pizza Vita

asserts claims for breach of contract and breach of the implied covenant of good faith and fair dealing, alleging that FoodWorks failed to pay the full amount of reimbursed fees it owed Pizza Vita for the period between March 2020 and May 2021. ECF No. 1-2.  On August 31, 2021, FoodWorks removed the case to this Court on the basis of diversity jurisdiction. ECF No. 1-1. Thereafter, on September 7, 2021, FoodWorks filed an Answer asserting affirmative defenses as well as counterclaims for breach of contract (Count One) and unjust enrichment (Count Two). ECF No. 3.  On September 24, 2021, Pizza Vita filed the instant motion to dismiss FoodWorks's counterclaims. ECF No. 6.  FoodWorks filed an opposition on October 18, 2021 (ECF No. 12), to which Pizza Vita replied on October 25, 2021 (ECF No. 13).

### III.     LEGAL STANDARD

To survive dismissal under Federal Rule of Civil Procedure 12(b)(6), "a complaint must contain sufficient factual matter . . . to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citations omitted).  A claim is facially plausible when supported by "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.*  A complaint that contains "a formulaic recitation of the elements of a cause of action" supported by mere conclusory statements or offers "'naked assertion[s]' devoid of 'further factual enhancement'" will not suffice. *Id.* (citation omitted).  In evaluating the sufficiency of a complaint, the court accepts all factual allegations as true, draws all reasonable inferences in favor of the non-moving party, and disregards legal conclusions. *Phillips v. Cnty. of Allegheny*, 515 F.3d 224, 231–34 (3d Cir. 2008).

The same legal standard applies when reviewing a motion to dismiss counterclaims. *See United States v. Boston Scientific Neuromodulation Corp.*, No. 11-1210, 2014 WL 4402118, at *2 (D.N.J. Sept. 4, 2014) (("The standards for a properly pled complaint[ ] by extension apply to

counterclaims.") (citing *Cnty. of Hudson v. Janiszewski*, 351 Fed. App'x 662, 667–68 (3d Cir. 2009))); *see also Meng v. Du*, No. 19-18118, 2020 WL 4593273, at *2 (D.N.J. Aug. 11, 2020).

## IV.   DISCUSSION

FoodWorks asserts counterclaims for breach of contract (Count One) and unjust enrichment (Count Two) under New Jersey law.[3] ECF No. 3 at 9–13. FoodWorks alleges that the COVID-19 pandemic was a *force majeure* event under the Agreement[4] that relieved both parties of their performance obligations. *Id.* As a result, FoodWorks contends that it is entitled to a refund of the $75,181 it paid to Pizza Vita for its operating costs between March 16, 2020, and May 18, 2021. *Id.* By contrast, Pizza Vita argues, among other things, that FoodWorks fails to state a claim for breach of contract and unjust enrichment because the COVID-19 pandemic does not qualify as a *force majeure* event under the Agreement. ECF No. 6-1. Therefore, Pizza Vita asserts that the Agreement remained in effect such that FoodWorks was obligated to reimburse Pizza Vita for its operating costs until the Agreement was terminated on May 18, 2021. *Id.* The Court finds, as explained below, that FoodWorks fails to state a claim for breach of contract in Count One, but that it adequately states a claim for unjust enrichment in Count Two.

### a.   Count One: Breach of Contract

In Count One, FoodWorks asserts a breach of contract claim. ECF No. 3 at 11–12 ¶¶ 20–29. To state a breach of contract claim under New Jersey law, a party must allege: (1) the existence of a valid contract; (2) a breach of that contract; (3) resulting damages; and (4) that the plaintiff

---

[3] The parties agree that New Jersey law governs FoodWorks' breach of contract and unjust enrichment claims. ECF Nos. 6-1 at 9, 12 at 7–8.

[4] Specifically, FoodWorks alleges that the Agreement's *force majeure* clause applies because the COVID-19 pandemic was an "act of God," a restriction due to "governmental rules or regulations," and/or a "like cause[] beyond the reasonable control of such party." ECF No. 12 at 8; *see* ECF No. 3-1 at 3–4 ¶ 8(b).

5

performed its own contractual obligations. *Frederico v. Home Depot*, 507 F.3d 188, 203 (3d Cir. 2007) (citation omitted).

The Court finds that FoodWorks fails to plead the second element of a New Jersey breach of contract claim: breach of the Agreement.[5]  Here, FoodWorks alleges that Pizza Vita breached the Agreement by continuing to seek reimbursement from FoodWorks after March 16, 2020, the date Pizza Vita's services were allegedly "suspended" due to the COVID-19 pandemic. ECF No. 3 at 12 ¶ 27.  However, Pizza Vita's demand for reimbursement does not constitute a breach of the Agreement.  Under the Agreement, FoodWorks agreed to reimburse Pizza Vita's operating costs. *Id.* at 9–10 ¶ 6.  Thus, Pizza Vita did not breach the Agreement by seeking and retaining reimbursement from FoodWorks because the Agreement gave Pizza Vita the right to said reimbursement.  Accordingly, dismissal is required because FoodWorks fails to plausibly allege that Pizza Vita breached the Agreement. *See Potter v. Newkirk*, No. 17-08478, 2020 WL 6144756, at *13 (D.N.J. Oct. 20, 2020) (dismissing plaintiff's breach of contract claim where plaintiff's allegations demonstrated that defendant performed consistent with the terms of the contract).

In opposition, FoodWorks argues that Pizza Vita's demand for reimbursement constitutes a breach of the Agreement because both parties' performance obligations were excused by the Agreement's *force majeure* clause. ECF No. 12 at 7.  However, FoodWorks' reliance on the *force majeure* clause to support its breach of contract claim is misplaced. *See* ECF No. 6-1 at 10–11.  A claim of *force majeure* excuses performance and defeats a breach of contract claim as an affirmative *defense*, but it does not give rise to an affirmative *claim* for breach of contract. *See*

---

[5] The Court notes that FoodWorks adequately pleads the first element of a New Jersey breach of contract claim by alleging that the Agreement is a valid contract. *See* ECF No. 3 at 12 ¶ 21.  As the Court finds that FoodWorks fails to plausibly allege breach of the Agreement, the second element of a New Jersey breach of contract claim, the Court does not address whether FoodWorks adequately alleges the third and fourth elements of a New Jersey breach of contract claim.

*Ricoh USA, Inc. v. Innovative Software Solution, Inc.*, No. 20-4025, 2020 WL 7024290, at *7–*8 (E.D. Pa. Nov. 30, 2020) (finding no authority stating that "a *force majeure* clause gives rise to an affirmative claim for breach of contract. It is an affirmative defense . . . ."); *see also Facto v. Pantagis*, 915 A.2d 59, 62–63 (N.J. Super. Ct. App. Div. 2007) (recognizing that the *force majeure* clause in the parties' contract operated as an affirmative defense to bar plaintiffs' breach of contract claim against defendant). Thus, while FoodWorks' allegations regarding the *force majeure* clause may give rise to an affirmative defense to Pizza Vita's claims for payments due, they do not support a breach of contract claim.[6]

Accordingly, Count One is dismissed without prejudice.

**b. Count Two: Unjust Enrichment**

In Count Two, FoodWorks asserts an unjust enrichment claim. ECF No. 3 at 12–13 ¶¶ 30–33. To state a claim for unjust enrichment under New Jersey law, "a plaintiff must show both that defendant received a benefit and that retention of that benefit without payment would be unjust." *Aussie Painting Corp. v. Allied Painting, Inc.*, No. 20-02677, 2021 WL 960825, at *7 (D.N.J. Mar. 15, 2021) (citations omitted).

Here, FoodWorks sufficiently alleges that Pizza Vita received a benefit and that retention of that benefit without payment would be unjust. Specifically, FoodWorks alleges that Pizza Vita received the benefit of its $75,181 payment and that retention of that payment would be unjust because Pizza Vita stopped providing services at the Site beginning on March 16, 2020. ECF No. 3 at 11 ¶ 16, 13 ¶¶ 31–32. Accordingly, FoodWorks states a claim for unjust enrichment, and

---

[6] The Court notes that it need not determine whether the COVID-19 pandemic qualifies as a *force majeure* event pursuant to the Agreement without the benefit of a full factual record. *See Palm Springs Mile Assocs., Ltd. v. Kirkland's Stores, Inc.*, 2020 WL 5411353, at *2 (S.D. Fla. Sept. 9, 2020) (recognizing that the applicability of a *force majeure* clause in the context of COVID-19 is typically a "factual question that cannot be determined on a motion to dismiss").

Pizza Vita's motion to dismiss Count Two is denied. *Mitelberg v. Stevens Inst. of Tech.*, No. 21-1043, 2021 WL 2103265, at *5 (D.N.J. May 25, 2021) (holding that a student adequately stated an unjust enrichment claim against her university where the student alleged that the university "received the benefit of her fee payments and that retention of those payments would be unjust because [the university] did not render in-person services or activities from March 11, 2020 through the semester's end.").

### V.   CONCLUSION

For the reasons stated above, Pizza Vita's motion to dismiss (ECF No. 6) FoodWorks' counterclaims (ECF No. 3) is granted in part and denied in part. Pizza Vita's motion to dismiss FoodWorks' counterclaim for breach of contract (Count One) is granted, and Count One is dismissed without prejudice. Pizza Vita's motion to dismiss FoodWorks' counterclaim for unjust enrichment (Count Two) is denied. An appropriate Order accompanies this Opinion.

**DATE:** April 28, 2022

*s/ Claire C. Cecchi*
**CLAIRE C. CECCHI, U.S.D.J.**